[Civ. No. 3777. Third Appellate District.—May 22, 1929.]

CHARLES H. FLINN, Appellant, v. ROBERT J. POTTER, Respondent.

Coleman E. Stewart for Appellant.

S. J. Bingham for Respondent.

FINCH, P. J.—August 5, 1922, Emma D. Potter, plaintiff's mother, signed and acknowledged two deeds, purporting to convey real property to her husband, the defendant herein, who is the stepfather of the plaintiff. The first amended complaint contains three counts. The first and third counts allege mental weakness on the part of Mrs. Potter and undue influence on the part of the defendant. The second alleges that the deeds mentioned were never delivered. At the trial, "the attorney for plaintiff in open court withdrew the first and third causes of action stated in plaintiff's first amended complaint and stipulated that plaintiff would go to trial on his allegations of the second cause of action, that said deeds were never delivered during the lifetime of the grantor." Judgment was entered in favor of the defendant and the plaintiff has appealed.

The defendant testified that, without any request or solicitation on his part, his wife said "she wanted me to have it all what there was without any trouble"; that, at her request, he went with her to the office of a lawyer, where the deeds were signed and acknowledged; that immediately after leaving the office she handed him the deeds and said, "I hand you these deeds so there won't be any trouble," or she said, "Take them"; that he took the deeds home and placed them in his wife's "community trunk" in which he kept his best clothes. The trunk was kept in the bedroom occupied by the defendant and his wife. Another witness testified that about a week before Mrs. Potter's death he saw some of the defendant's clothing in the trunk.

The foregoing summary contains the substance of all the material evidence given at the trial.

By abandoning his first and third causes of action, the plaintiff eliminated the issues of mental weakness and undue influence, leaving nothing to be tried except the question of delivery. Appellant contends that the evidence is insufficient to show a delivery of the deeds with intent to pass title. No citation of authorities is deemed necessary to show that it cannot be held, as a matter of law, that such evidence, standing uncontradicted, is insufficient to support the findings and judgment.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.